United States District Court
Southern District of Texas
**ENTERED**
December 01, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ADRIAN  MARTINEZ GALLEGOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-604 |
| | § | |
| CITY OF THREE RIVERS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the "Defendant's Motion for Summary Judgment,"[1] filed by remaining defendants Monseis Robles, Jr., and Noah Leuschner (collectively, "Defendants"). Adrian Martinez Gallegos ("Plaintiff") failed to timely respond and the Court denied his motion for extension of time to respond.[2]  Pursuant to the Local Rules, this Court construes a party's failure to respond as a representation of no opposition.[3] After considering the motion, the record and the relevant authorities, for the reasons stated herein, the Court **DISMISSES** Plaintiff's claims.

### I. Background

#### A.  *Factual*

The following facts are recited by the Court as pleaded by Plaintiff in his complaint.[4]  On or about April 17, 2013 at 10:20 p.m., Margarito Martinez Gallegos ("Martinez") was driving home with a passenger in the City of Three Rivers when Officer Monseis Robles Jr. from the City of Three Rivers Police Department ("Officer Robles") signaled Martinez to stop his

---

[1] Dkt. No. 29.
[2] Dkt. No. 31.
[3] L.R. 7.4.
[4] Dkt. No. 17.

vehicle.[5]   After Martinez stopped the vehicle as instructed, Officer Robles requested that Martinez provide documentation to prove his legal status in the United States.[6]   Martinez inquired about "the reason for the stop and why [Officer] Robles needed to know [his] immigration status."[7]  Officer Robles then instructed Martinez to get out of the car and requested that he stay at the rear end of the vehicle.[8]  Martinez complied with Officer Robles's order and exited the vehicle.[9]  Shortly thereafter, Officer Noah Leuschner, also a patrolman for the City of Three Rivers Police Department, ("Officer Leuschner") arrived at the scene.[10]   Officer Robles asked Officer Leuschner to check the passenger's immigration status, and Officer Leuschner subsequently ordered the passenger to exit the vehicle.[11]   The passenger complied with Officer Leuschner's command.[12]

Martinez then "began heading home, which was merely a few feet from where the officers had stopped the [vehicle]."[13]  At that time, Office Leuschner arrested the passenger and placed him inside his patrol car.[14]  Officer Robles then gave chase after Martinez, who made it to his house.[15]  As Martinez was entering the residence, Officer Robles deployed his service taser against Martinez.[16]  Martinez then "fell inside his home" and "[t]he door closed."[17]  Officers Robles and Leuschner followed Martinez inside the house, entering the home without a warrant or the homeowner's consent.[18]  Once inside the house, Officer Robles forcibly attempted to bring

---

[5] *Id.* at ¶¶ 9, 11.
[6] *Id.* at ¶ 12.
[7] *Id.* at ¶ 13.
[8] *Id.* at ¶¶ 13-14.
[9] *Id.* at ¶ 14.
[10] *Id.* at ¶ 15.
[11] *Id.*
[12] *Id.*
[13] *Id.* at ¶ 22.
[14] *Id.*
[15] *Id.* at ¶¶ 23-24.
[16] *Id.* at ¶ 25.
[17] *Id.* at ¶ 26.
[18] *Id.* at ¶¶ 27, 30.

Martinez to the ground, and Officer Leuschner deployed his taser against Martinez.[19]  Martinez then "attempted to remove the [t]aser ends from his body [and] to a safe location in the home."[20] Thereafter, Officer Leuschner shot Martinez dead inside the house.[21]

### B. Procedural

On July 11, 2014, Plaintiff filed this lawsuit individually and on behalf of Martinez.[22] Specifically, Plaintiff brought suit against the City of Three Rivers ("City"), the City of Three Rivers Police Department, Police Chief Vance Roberts, Officer Robles, and Officer Leuschner for deprivations of Plaintiff's and Martinez's rights under the Fourth, Fourteenth, and Eight Amendments of the United States Constitution, as well as Article I of the Texas Constitution.[23]

On September 19, 2014, Defendants filed a motion to dismiss, requesting that the Court dismiss Plaintiff's original complaint in its entirety for failure to state a claim.[24]  Shortly thereafter, Plaintiff filed a motion for leave to amend his complaint, which the Court granted.[25] Consequently, Plaintiff filed an amended pleading, whereby he withdrew his causes of action under the Texas Constitution and the Eight Amendment, as well as all claims against the City of Three Rivers Police Department and Police Chief Vance Roberts.[26]  In light of Plaintiff's amendments, the Court granted Defendants the opportunity to file an amended motion to dismiss.[27]  On December 17, 2014, Defendants filed the amended motion.[28]  On May 15, 2015 the Court dismissed the City and also dismissed all of Plaintiff's claims, with the exception of the claim against Defendants Robles and Leuschner for unlawful detention.

---

[19] *Id*. at ¶¶ 30, 32.
[20] *Id*. at ¶ 33.
[21] *Id*.
[22] Dkt. No. 1.
[23] *Id*.
[24] Dkt. No. 8.
[25] Dkt. Nos. 14-16.
[26] *See* Dkt. No. 17.
[27] Dkt. No. 18.
[28] Dkt. No. 19.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a civil action for lack of subject matter jurisdiction.[29]   The burden of establishing federal jurisdiction rests on the party seeking the federal forum.[30] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[31]   When conducting a Rule 12(b)(1) analysis, the Court may consider disputed facts and should grant the motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[32]   The Court can determine a lack of subject matter jurisdiction by looking at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[33] Since the Court is not obligated to accept a plaintiff's complaint as true, the Court may consider extrinsic evidence when assessing whether it has jurisdiction.

If the Court dismisses a case for lack of subject matter jurisdiction, it is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."[34]   When a case could be dismissed for lack of jurisdiction, "the court should dismiss only on the jurisdictional ground under [Rule] 12(b)(1). . . ."[35] One underlying rationale is to prevent courts from issuing advisory opinions.[36]

---

[29] FED. R. CIV. P. 12(b)(1).

[30] *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[31] *Id.* (quotation marks and citations omitted).

[32] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (quoting *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010).

[33] *A.A. v. Houston Indep. Sch. Dist.*, CIV.A. H-10-03394, 2011 WL 181356, at *1 (S.D. Tex. Jan. 19, 2011).

[34] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[35] *Crenshaw-Logal v. City of Abilene, Tex.*, 436 Fed. Appx. 306, 308 (5th Cir. 2011).

[36] *Id.*

4 / 9

### III. Plaintiff's Standing

As an initial matter, the Court will address Defendants' argument that Plaintiff does not have standing to pursue this action. As noted, Plaintiff failed to respond to Defendants' motion for summary judgment; thus, pursuant to Rule 7.4 of the Local Rules of the United States District Court for the Southern District of Texas, the Court will construe Plaintiff's non-responsiveness as a representation of no opposition.

#### A. Applicable Law

Plaintiff individually, and as representative of the estate of Margarito Martinez Gallegos, brings this lawsuit pursuant to 42 U.S.C. § 1983.  As such, Plaintiff must have standing to prosecute this action. Standing in this case is "guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits."[37] The complained of actions here occurred in Texas, and this Court sits in Texas, thus the Court looks to the law of Texas. In Texas, Plaintiff's claims are governed by the Texas wrongful death statute and the survivorship statute. The Court considers first whether Plaintiff individually has standing.

The Texas Wrongful Death Act (the "Act") provides that:

> (a) An action to recover damages as provided by this subchapter is for the *exclusive benefit* of the *surviving spouse, children, and parents of the deceased.*
>
> (b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
>
> (c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his *executor or administrator shall bring and*

---

[37] *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004).

*prosecute the action* unless requested not to by all those individuals.[38]

Importantly, the Texas Supreme Court has repeatedly noted that "there was no recognized common law cause of action for wrongful death."[39] Thus, in Texas, a wrongful death cause of action is conferred solely by virtue of the Act and is intended for the sole and exclusive benefit of beneficiaries named in the Act.[40] In interpreting the Act, Texas courts have consistently held that siblings lack standing to bring suit under the act.[41]

Similarly, "[a]t common law, an individual's action for personal injuries did not survive his death."[42] In Texas, however, the survival statute "preserve[s] for the decedent's estate the causes of action that [decedent] held while he lived."[43] Thus, while the action belongs to the decedent, the damages (those that the decedent sustained while alive) inure to his heirs, legal representatives or estate.[44] Therefore the Texas survival statute provides: "A personal injury action survives to and in favor of the *heirs*, *legal representatives*, and *estate* of the injured person."[45] A legal representative can be a personal representative in this context, which includes any of the following as identified in the Texas Estates Code: executor, independent executor, administrator, independent administrator, temporary administrator, or a successor to any of the

---

[38] Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (West) (emphasis added).

[39] *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 356 (Tex. 1990)(internal citations omitted).

[40] *Johnson v. City of Houston*, 813 S.W.2d 227 (Tex. App.—Houston [14th Dist.] 1991), *writ granted* (Nov. 13, 1991), *writ denied* (Feb. 5, 1992), *writ withdrawn* (Feb. 5, 1992).

[41] *Castillo v. Hidalgo County Water Dist. No. 1*, 771 S.W.2d 633 (Tex. App.—Corpus Christi 1989, no writ); *Sneed v. Sneed,* 705 S.W.2d 392, 398 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).

[42] *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 (Tex. 1992).

[43] *Delesma v. City of Dallas,* 770 F.2d 1334, 1338 (5th Cir. 1985) (internal citations omitted). *See e.g.*, *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005).

[44] *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992).

[45] Tex. Civ. Prac. & Rem. Code Ann. § 71.021(b)(West)(emphasis added).

aforementioned.[46] The Texas Estate Code also describes the appointment and qualification process required of personal representatives.[47]

The question of who is an heir entitled to bring a survival claim is likewise determined in accordance with the Texas Estates Code. When, as here, a decedent leaves no surviving spouse, children, or descendants of children, then the decedent's estate passes to his or her parents in equal amounts.[48]  However, if the decedent is survived by only one parent, then a sibling shares in the estate.[49] Nonetheless, Texas courts have held that generally, the personal representative of the decedent's estate is the only person entitled to pursue a survival claim.[50] However, in certain circumstances an heir may also have standing.[51]

### B. Analysis

The statutory authority does not, as the record stands, provide Plaintiff the avenue to bring either a wrongful death claim or a survival action on behalf of Martinez' estate. The complaint alleges that Plaintiff is the "representative of the estate of Margarito Martinez, Gallegos, deceased."[52] Yet in deposition testimony, Plaintiff states that Martinez was his "blood brother."[53] Plaintiff also confirms that he never went to court to obtain court permission to represent the deceased,[54] nor complete any court documentation to represent the deceased's estate.[55]

The Court finds that Plaintiff has no standing to bring a wrongful death claim because Plaintiff as the brother of the deceased is not intended to be a beneficiary under the plain

---

[46] Tex. Estates Code Ann. § 22.031 (West).
[47] Tex. Estates Code Ann. §§ 301-305 (West).
[48] Tex. Estates Code Ann. § 201.001(c) (West).
[49] Tex. Estates Code Ann. § 201.001(d) (West).
[50] *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998).
[51] *Id.*
[52] Dkt. No. 27 at ¶3.
[53] Dkt. No. 29, Attachment 1at p.7, lines 15-18.
[54] Dkt. No. 29, Attachment 1at p.11, line 13.
[55] Dkt. No. 29, Attachment 1at p.12, line 12.

language of the Act. Furthermore, the Act authorizes only executors and administrators of the estate to bring a claim if the surviving spouse, children, and parents fail to file suit within three months of the death of the injured individual. Here, Martinez died April 17, 2013 and this lawsuit was filed July 11, 2014. At that time, only the executor or administrator of the estate could file suit – absent an instruction from the surviving spouse, children, and parents not to do so.  However, Plaintiff himself acknowledges he did not initiate probate court proceedings before the filing of this lawsuit. Even if family consensus conferred in Plaintiff the conviction to pursue claims on behalf of the entitled beneficiaries and the deceased's estate,[56] Plaintiff was required to comply with probate court proceedings to become an authorized executor or administrator pursuant to statute.[57]

Moreover, the survival statute authorizes only heirs, legal representatives and the estate of Martinez to pursue causes of action. Plaintiff as the brother of Martinez is therefore not an heir under Texas intestacy laws. The record indicates that Martinez was not married and did not have any children but that Martinez is survived by both his parents.[58] Thus, the only heirs of decedent are his parents.[59] Plaintiff is also not the legal representative of the estate.[60] Accordingly, the Court **DISMISSES** Plaintiff's lawsuit for lack of standing.

## IV. Holding

For the foregoing reasons, the Court finds that Plaintiff lacks standing to pursue any claims, individually or on behalf of Margarito Martinez Gallegos. The Court, therefore, lacks subject matter jurisdiction. As such, the Court **VACATES** its earlier judgment dismissing with

---

[56] Dkt. No. 29, Attachment 1at p.7, lines 15-18.
[57] *See* Tex. Estates Code Ann. (West). *See also Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005).
[58] Dkt. No. 29, Attachment 1at p.7-8.
[59] Dkt. No. 29, Attachment 1at p.8, lines 5-14.
[60] Dkt. No. 29, Attachment 1at p.11, line 13; Dkt. No. 29, Attachment 1at p.12, line 12.

prejudice certain of Plaintiff's claims.[61] Rather, the Court **DISMISSES** all of Plaintiff's claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of December, 2015.

_____
Micaela Alvarez
United States District Judge

---

[61] Dkt. No. 26.